**Frank SUMMERS, et al., Appellees,**

v.

**HOWARD UNIVERSITY, Appellant.**

No. 02–7069.

United States Court of Appeals,
District of Columbia Circuit.

May 16, 2003.

Before HENDERSON, RANDOLPH and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is

**ORDERED** and **ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

28 U.S.C. § 1291 and the collateral order doctrine do not confer jurisdiction over this interlocutory appeal, because Howard has failed to demonstrate a "real prospect of irreparable harm" that would be caused by deferring review until entry of the final judgment in this case. *National Ass'n of Criminal Defense Lawyers v. Dep't of Justice,* 182 F.3d 981, 985 (D.C.Cir.1999) (citation omitted). Any costs and fees incurred because of plaintiffs' alleged misconduct and violation of the discovery rules can be redressed through an appropriate motion for sanctions under Federal Rule of Civil Procedure 37(c)(1). Nor does 28 U.S.C. § 1292(a)(1) provide jurisdiction. The order that is appealed did not "accord some or all of the substantive relief sought by [the] complaint," *I.A.M. Nat'l Pension Fund Benefit Plan v. Cooper Indus., Inc.,* 789 F.2d 21, 24 (D.C.Cir.1986) (citation omitted), and Howard has failed to show that the order might have a "serious, perhaps irreparable consequence," *id.* (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).